In the Matter of the Petition of IDA B. SAMMIS WOODRUFF and Others, for the Appointment of a Committee of the Person and Property of EMMA L. HOYT, an Alleged Incompetent Person, Respondents. BARNES A. STARR, Appellant.— Order appointing committee affirmed, with ten dollars costs and disbursements, payable by appellant to respondents. No opinion. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

MAY A. JONES, Plaintiff, v. LAWRENCE H. JONES, Defendant. In the Matter of the Application of LAWRENCE H. JONES, Respondent, for an Order Directing the Substitution of Attorneys for the Defendant in the Above-Entitled Action, and Directing WALTER CARROLL LOW, Appellant, an Attorney, to Deliver Certain Papers.— Order granting motion for substitution and striking out affidavit filed in opposition, so modified as to provide that the order shall be without prejudice to the right of the appellant to institute an action to recover for services. As so modified, the order is affirmed, without costs. No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

MICHAEL P. KOSOLAPOV, Respondent, v. KAUFMAN MANDELL and S. BUDD MANDELL, Appellants.— Order modifying notice for examination of defendants affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

BANY LEVY, Respondent, v. PHILIP MUROFF, Defendant. NORTHERN ASSURANCE COMPANY, Appellant.— Order punishing appellant for contempt reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to punish denied, with ten dollars costs. There is no basis in law for holding appellant in contempt, since there was no valid service of the third-party order, as required by the provisions of the Civil Practice Act,* in order to obtain jurisdiction in the proceeding; nor is it disclosed in the moving papers, nor in the order appealed from, that the acts of appellant were calculated to, or actually did, impede, impair and prejudice the rights and remedies of the judgment creditor, so as to warrant the relief granted.† Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.